Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William T. Hart | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 5599 | DATE | MARCH 29, 2001 |
| CASE TITLE | CLINTON G. WILLIAMS v. ASHTON BARBOUR and LOUIS CAPRIO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to dismiss [7-1] is granted. Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's federal cause of action with prejudice and his state law cause of action without prejudice for lack of subject matter jurisdiction. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the U.S. Court of Appeals for the Seventh Circuit with the Clerk of the Court, U.S. District Court for the North. District of Ill., 219 S. Dearborn St., 20th Fl., Chicago, IL 60604, within 30 days of the entry of the judgment in this case.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | 3/30/01 date docketed | 12 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | C.S. docketing deputy initials | |
| X | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | DOCKETING MAR 29 PM 5:07 | 3/29/2001 date mailed notice | |
| | CW courtroom deputy's initials | Date/time received in central Clerk's Office | mcm mailing initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
MAR 3 0 2001

CLINTON G. WILLIAMS,             )
                                 )
            Plaintiff,           )
                                 )
      v.                         )    No. 00 C 5599
                                 )
ASHTON BARBOUR and               )
LOUIS CAPRIO,                    )
                                 )
            Defendants.          )

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Clinton Williams alleges that defendants Louis Caprio and Ashton Barbour provided him with ineffective assistance of counsel during state criminal proceedings. Both defendants are alleged to be public defenders. Plaintiff denominates his complaint as being pursuant to 42 U.S.C. § 1983. Defendant Caprio has moved to dismiss the complaint.[1] Plaintiff was initially granted until January 3, 2001 to file his answer

---

[1] Because the exact same arguments would apply to Barbour, the arguments of Caprio will also be considered as to Barbour. See Kennedy v. Children's Service Society of Wisconsin, 17 F.3d 980, 983 n.1 (7th Cir. 1994); Gruen Marketing Corp. v. Benrus Watch Co., 955 F. Supp. 979, 980 n.1 (N.D. Ill. 1997); Haley v. Jordan, 1994 WL 118127 *1 n.2 (N.D. Ill. March 28, 1994); Valentino v. Keller, 1993 WL 50722 *1 n.1 (N.D. Ill. Feb. 25, 1993); Ruehman v. Village of Palos Park, 1992 WL 170565 *1 n.6 (N.D. Ill. July 16, 1992).

12

brief. No brief having been filed, on January 30, 2001, the court <u>sua sponte</u> granted plaintiff until February 13, 2001 to file his brief and stated in that order that the motion to dismiss would be decided without plaintiff's input if he filed no brief. Plaintiff has not filed either a brief or a motion for extension of time.

On a Rule 12(b)(6) motion to dismiss, plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in plaintiff's favor. <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 164 (1993); <u>Swofford v. Mandrell</u>, 969 F.2d 547, 549 (7th Cir. 1992). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); <u>Doherty v. City of Chicago</u>, 75 F.3d 318, 322 (7th Cir. 1996). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendant has at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); <u>Jackson v. Marion County</u>, 66 F.3d 151, 153-54 (7th Cir. 1995). It is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. <u>Bartholet v. Reishauer A.G. (Zurich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992). It is also true, however, that a plaintiff can plead himself out of court by

alleging facts showing no viable claim. Jackson, 66 F.3d at 153-54; Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994); Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Additionally, because Williams is proceeding pro se, his complaint must be construed liberally with plaintiff being held to less stringent standards than those applied to complaints drafted by attorneys. Swofford, 969 F.2d at 549.

Plaintiff does not state a cognizable claim under § 1983 because conduct of a public defender is not state action. Polk County v. Dodson, 454 U.S. 312 (1981); Sceifers v. Trigg, 46 F.3d 701, 704 (7th Cir.), cert. denied, 516 U.S. 853 (1995); Sanders v. State, 2000 WL 1263555 *4 (N.D. Ill. Sept. 5, 2000). There is also no allegation that either defendant conspired with a state actor. See Guy v. State of Illinois, 958 F. Supp. 1300, 1309 (N.D. Ill. 1997); Potts v. O'Malley, 1995 WL 745960 *3 (N.D. Ill. Dec. 1, 1995). Plaintiff's only possible claim, therefore, would be a state claim for malpractice. However, because there does not appear to be diversity jurisdiction, jurisdiction does not exist over any possible state law claims. Plaintiff's federal cause of action will be dismissed with prejudice and his state law cause of action will be dismissed without prejudice.

IT IS THEREFORE ORDERED that defendant's motion to dismiss [7-1] is granted. The Clerk of the Court is directed to

enter judgment in favor of defendants and against plaintiff dismissing plaintiff's federal cause of action with prejudice and his state law cause of action without prejudice for lack of subject matter jurisdiction. If plaintiff wishes to appeal this order, he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within thirty (30) days of the entry of the judgment in this case.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE

DATED: MARCH 29, 2001